**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **VANNI BROWN,** | ) | **CASE NO. 1:14CV2041** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **MAXIM HEALTHCARE SERVICES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J.**</u>:

This matter comes before the Court upon the Motion (ECF DKT #48) of Defendant,

Maxim Healthcare Services, Inc., for Summary Judgment.  For the following reasons, the

Motion is granted in part and denied in part.

<u>**I. BACKGROUND**</u>

Plaintiff, Vanni Brown, worked for Maxim as a Home Health Aide ("HHA") from

approximately March 20, 2012 to November 12, 2014.  Maxim provides home health care,

medical staffing and wellness services for children, adults and senior citizens living with

chronic conditions, recovering from illness or in need of daily assistance.  Each patient has a

unique plan of care customized to the patient's medical condition, abilities and needs and

incorporating the services that are funded by the insurance provider.  Each plan of care specifies the types of duties that the HHA must perform and the HHA is not authorized to perform any other duties, even if requested by the patient.  The HHA completes a form entitled "Aide Weekly Notes" at the end of each shift which the HHA and the patient sign, detailing the time HHA arrived and departed; the patient care performed; and the total hours for each day.

During her tenure with Maxim, Brown cared for eight patients: Samuel Bourn (September 2014); Rozann Mance (November 2012); Tommie Davis (August 2014); Henry Johnson (May to November 2012); Torey Neal (November and December 2012); Elizabeth Robinson (June to September 2014); Anthony Ficzieri (August to November 2014); and Lynne Reynolds (January to October 2014).  Brown regularly worked more than forty hours per week.  In patient Reynolds' case, Brown worked approximately twelve hours per day, six days a week.  Brown claims that she was not paid 150% of her regular hourly rate for all hours worked in excess of forty in a work week as required by the Fair Labor Standards Act ("FLSA") (29 U.S.C. § 201, *et seq*.).  Maxim insists that Brown, as an HHA, qualified for the companionship services exemption from the overtime or minimum wage provisions of the FLSA.

## II. LAW AND ANALYSIS

### Standard of Review

Summary judgment shall be granted only if  "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  *See* Fed.R.Civ.P. 56(a).  The burden is on the moving party to conclusively show no

genuine issue of material fact exists.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy. Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).  The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  *See* Fed.R.Civ.P. 56(c)(1)(A), (B).  A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim.  *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347.

The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *accord Leadbetter v. Gilley*, 385 F.3d 683, 689-90 (6th Cir. 2004); *Weaver v. Shadoan*, 340 F.3d 398, 405 (6th Cir. 2003).  A fact is material only if its resolution "might affect the outcome of the suit under the governing law."  *Anderson*, 477 U.S. at 248.

This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact.  *Betkerur v. Aultman Hospital Ass 'n.*, 78 F.3d 1079, 1087 (6th Cir.

1996); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir. 1992).  The

burden falls upon the nonmoving party to "designate specific facts or evidence in dispute,"

*Anderson*, 477 U.S. at 249-50; and if the nonmoving party fails to make the necessary

showing on an element upon which it has the burden of proof, the moving party is entitled to

summary judgment.  *Celotex*, 477 U.S. at 323.  Whether summary judgment is appropriate

depends upon "whether the evidence presents a sufficient disagreement to require submission

to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway*

*Distributors Benefits Ass 'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting

*Anderson*, 477 U.S. at 251-52).

**FLSA**

Under the FLSA, an employee who works more than forty hours in a work week must

receive overtime compensation at a rate of not less than one and one-half times the regular

rate.  29 U.S.C. § 207(a)(1).  In 1974, Congress amended the FLSA to include many

"domestic service" employees not previously subject to its minimum wage and maximum

hour requirements.  *See Long Island Care at Home, Ltd. v. Coke*, 551 U.S. 158 (2007).  At the

same time, Congress created an exemption that excluded from FLSA coverage certain

employees such as companionship workers.  *Id*., citing 29 U.S.C. § 213(a)(15).  The

Department of Labor defines "companionship services" as:

> [T]hose services which provide fellowship, care, and protection for a person
> who, because of advanced age or physical or mental infirmity, cannot care for
> his or her own needs.  Such services may include household work related to
> the care of the aged or infirm person such as meal preparation, bed making,
> washing of clothes, and other similar services.  They may also include the
> performance of general household work.  Provided, however, [t]hat such work
> is incidental, i.e., does not exceed 20 percent of the total weekly hours worked.
> The term "companionship services" does not include services relating to the

care and protection of the aged or infirm which require and are performed by trained personnel, such as a registered or practical nurse.   29 C.F.R. § 552.6.

Moreover, "[t]he companion must perform the services with respect to the aged or infirm persons and not generally to other persons."  29 C.F.R. § 552.106.

A Department of Labor opinion letter from March 16, 1995, referenced by both Plaintiff and Defendant, reads in part:

> [I]t is our opinion that such activities as cleaning the patient's bedroom, bathroom or kitchen, picking up groceries, medicine, and dry cleaning would be related to personal care of the patient and would be the type of household work that would be exempt work for purpose of section 13(a)(15) of the FLSA. However, activities involving heavy cleaning such as cleaning refrigerators, ovens, trash or garbage removal and cleaning the rest of a "trashy" house would be general household work or nonexempt work that is subject to the 20 percent time limitation.  (ECF DKT #48-29 & ECF DKT #49-15).

FLSA exemptions are "affirmative defense[s] on which the employer has the burden of proof."  *Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97 (1974).  Exemptions "are to be narrowly construed against the employers seeking to assert them."  *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960).  *See Thomas v. Speedway SuperAmerica, LLC*, 506 F.3d 496, 501 (6th Cir. 2007).  While the Sixth Circuit has observed that an employer "must establish through 'clear and affirmative evidence' that the employee meets every requirement of an exemption,'" *Ale v. TVA*, 269 F.3d 680, 691 (6th Cir. 2001), the burden of proof on an employer is not heightened; rather, an employer has the burden of establishing the elements by a preponderance of the evidence.  *Renfro v. Ind. Mich. Power Co.*, 497 F.3d 573, 576 (6th Cir. 2007).

**Plaintiff Vanni Brown's Claims**

Plaintiff does not dispute the application of the companionship exemption to the care she provided to seven out of eight of her patients.  The Court finds that Plaintiff has abandoned all those claims, except as to Lynne Reynolds, and has conceded that Maxim is entitled to partial judgment in its favor.  "[A] plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment."  *Brown v. VHS of Michigan, Inc.*, 545 F.App'x 368, 372 (6th Cir. 2013), citing *Hicks v. Concorde Career Coll.*, 449 F.App'x 484, 487 (6th Cir. 2011) (holding that a district court properly declines to consider the merits of a claim when a plaintiff fails to address it in a response to a motion for summary judgment).

**Claims re: Patient Lynne Reynolds**

Maxim acknowledges that, for up to six days per week between January 15, 2014 and October 8, 2014, Brown provided care to Reynolds, who suffered from multiple sclerosis, with a typical shift being from 8:30 a.m. to 8:30 p.m.  Maxim insists, however, that the services Brown performed were related to the particular plan of care required for Lynne Reynolds and that any general household work arguably unrelated to patient care did not add up to 20 percent of the work she performed on a weekly basis for Reynolds.

In her deposition (ECF DKT #49-4 at 221-230), Brown explains the activities she performed in the Reynolds' household:

- cleaning out the fridge one to two times per week for 30 to 35 minutes;

- cleaning out the oven once a week for approximately 30 to 35 minutes, which involved taking out the racks, spraying it down, letting the cleaner sit, wiping everything down and placing the racks back in the oven;

- sorting through the garbage to separate recyclables daily, 35 minutes;

- cleaning and organizing the closet every other day for approximately one hour;

    - moving furniture, including a couch and two dressers, "basically every day" for
    approximately 30 minutes. This calculation is separate from the time it took
    Brown to do the other cleaning once the furniture was moved. Brown had to move
    the furniture "away from everything else" before she could clean that area, such as
    "moving bags and totes and everything off the couch" before moving the couch out
    of the way; and

    - cleaning the windows one or two times a week, including 20 minutes for
    sliding doors.

In addition, Brown regularly washed dishes, cooked and did laundry for Reynolds'

live-in boyfriend, Ed Walker.  She would fix him lunch two to three days out of the week; she

would prepare, serve and clean up after dinner for both Reynolds and Walker; and she had to

clean up the bathroom and pick up after Walker.  (ECF DKT #49-4 at pp. 34-37, 71, 75).

Brown picked up toys, shoes, clothes and trash from Reynolds' grandchildren when

they visited every other weekend.  (*Id*. at 202).  Also, Brown cleaned up after Reynolds' dog

every day.  (*Id*. at 202-204).

Brown further testified that she complained to her supervisors about the additional

work; and they responded: "do your job, we'll handle it;" "[they] would talk to Ms. Reynolds,

but keep doing what you're doing;" "there's nothing [they] can do about it right now."  (*Id*. at

69-76).

Maxim argues that Brown's weekly notes did not reference these allegedly non-

patient-related activities.  Maxim asserts that Reynolds' dust allergies and sinus problems

justified daily dusting and regular window washing by the HHA that would not count toward

the 20 percent exception to the exemption.  Maxim criticizes Brown for not providing an

exhaustive list of tasks she performed, the time spent on each and the percentage of time in

relation to the total hours worked in a week.  Maxim also points out that Brown failed to list

the "heavy" cleaning and the services necessary for the live-in boyfriend, grandchildren and

dog until after a break in her deposition and the opportunity to confer with her counsel.

The Court is not persuaded by Maxim's arguments.  Maxim labels Brown's recitation

of time spent on various duties in the Reynolds' home as "grossly exaggerated" and coached

by counsel; and complains that the "heavy" cleaning and the activities related to Walker, the

grandchildren and the dog were missing from Brown's required contemporaneous weekly

notes.  According to the testimony of Mary Vokurka, Maxim's Director of Clinical Services,

there is no place on the "Aide Weekly Notes" form for the HHA to log the actual amount of

time spent on a particular task.  (ECF DKT #48-26 at p. 101).

As for any characterization of testimony as exaggerated or coached, the Court is

barred from crediting such value judgments:

> Credibility determinations, the weighing of the evidence, and the drawing of
> legitimate inferences from the facts are jury functions, not those of a judge,
> whether he is ruling on a motion for summary judgment or for a directed
> verdict.  The evidence of the non-movant is to be believed, and all justifiable
> inferences are to be drawn in his favor.  *Anderson v. Liberty Lobby, Inc*., 477
> U.S. 242, 255 (1986).

As the Court noted previously, the companionship services exemption must be

narrowly construed and the employer bears the burden of showing that the exemption applies.

This burden includes a clear showing, by the preponderance of the evidence, that general

household work and services provided to non-patients do not exceed 20 percent of the HHA's

total hours in a work week.  In its Reply Brief, Defendant contends that "at no time does

[Brown] actually quantify the percentage of time that she spent performing such work for

Reynolds." (ECF DKT #50 at p.9).  The Court emphasizes that the onus of showing that the

20 percent threshold exception to the companionship exemption has not been met is on the

-8-

employer, Maxim, and not on Plaintiff Brown.

Plaintiff testified about substantial time spent per work week cleaning the refrigerator, oven and windows; doing laundry, and preparing, serving and cleaning up after meals for Walker and Reynolds.  In this regard, Vokurka additionally testified about "light" versus "heavy" housekeeping:

Q.  Do you know what that means, when I say "light housekeeping?"

A.  Yes, because it's in relation to the patient only and not the family.

Q.  Okay.  So heavy housekeeping would – that's what you would consider for others, other than the patient?

A.  Yes.

(ECF DKT #48-26 at p. 156).

Pursuant to 29 C.F.R. § 785.11: "Work not requested but suffered or permitted is work time."  Brown testified that she advised her superiors about the work she was doing for Walker and Reynolds' grandchildren, but her supervisors instructed her to continue doing what she was doing.  Although it is not binding on this Court, the analysis in *Anglin v. Maxim Healthcare Services, Inc.*, No. 6:08-cv-689, 2009 WL 2473685 at *7 (M.D. Fla Aug. 11, 2009) is highly persuasive on this point:  "The FLSA places the duty on management to exercise control and see that work is not performed if the employer does not want it performed; an employer cannot sit back and accept the benefits of an employee's work without considering the time spent to be hours worked."

### III. CONCLUSION

There are genuine issues of material fact as to the amount of "heavy" household work

Plaintiff Vanni Brown performed, and as to the amount of household work she performed for other than the infirm individual, Lynne Reynolds, during the work weeks from January 15, 2014 to October 8, 2014.  Defendant, Maxim Healthcare Services, Inc., has failed to satisfy its burden of establishing that Plaintiff qualified under the companionship services exemption to the FLSA overtime mandates.  Therefore, the Motion (ECF DKT #48) of Defendant, Maxim Healthcare Services, Inc., for Summary Judgment is granted in part and denied in part.

**IT IS SO ORDERED.**

**s/ Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated:  March 22, 2016**

-10-